EDWARD LASHAWAY, RESPONDENT, *v.* GEORGE W. TUCKER, APPELLANT.

*Execution — meal is exempt under the word "flour" — Code of Civil Procedure, sec. 1390, sub. 4.*

The Code of Civil Procedure (§ 1390), relative to property exempt from execution when owned by a householder, enumerates, in subdivision 4 thereof, "all necessary meat, fish, flour and vegetables actually provided for family use."

*Held,* that meal was exempt from seizure under the word "flour." (MERWIN, J., dissenting upon this point.)

APPEAL by the defendant, George W. Tucker, from a judgment entered in the office of the clerk of Jefferson county on the 2d day of April, 1890, in favor of plaintiff, after a trial before the court and a jury at the Jefferson Circuit, at which a verdict was rendered in favor of the plaintiff for fifty-one dollars and seventy-eight cents, and also from an order denying the defendant's motion for a new trial upon the minutes.

The action was brought to recover for an alleged conversion of personal property arising out of a levy upon property claimed to be

exempt from execution. The plaintiff proved that the defendant in the present above-entitled action, as plaintiff in an action, before a justice of the peace, recovered against said plaintiff in the above-entitled action a judgment under which the levy complained of was made. The complaint therein was "for meal and flour sold and delivered to the defendant in said action (the plaintiff herein), at his request, in July and August, 1889, for his family use and support, upon which there remained due $8.18."

The defendant in the above-entitled action moved for a nonsuit upon the ground, among others, that on the proof as it stands, such proof as there is, that any levy was made, is proof that the levy was made upon a judgment for exempt property, and as to that exempt property may be taken, and no right of claim to exemption can be founded upon the same. That refers to anything that is claimed here as property belonging to the plaintiff.

*Hannibal Smith*, for the appellant.

*J. Lansing*, for the respondent.

HARDIN, P. J. :

In the course of the trial the court held that the word "flour" did not cover meal, and refused to submit a question in that regard to the jury. Proper exceptions were taken to the rulings and to the refusal. I am inclined to the opinion that an error was committed.

I think the amount of the verdict is dubious. I favor a reversal of the order and judgment.

MARTIN, J. :

I think flour includes meal, and, under statute, meal for family use is exempt, hence I concur.

MERWIN, J. :

In view of other provisions of the Revised Statutes (pt. 1, ch. 17, tit. 2, art. 1), I think flour and meal are different articles; and the word "flour" in the exemption law was not designed to include meal; so on this I think the circuit right, but the verdict is larger than the evidence warrants, so I assent to reversal.

Judgment and order reversed, and a new trial ordered, with costs to abide the event.